NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA CONSUELO LOZANO-
MEMBRENO; MARIA CASTILLO-
LOZANO; ZULEYMA MARILU
CASTILLO-LOZANO; EVELIN JOHANA
CASTILLO-LOZANO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-998

Agency Nos.
A213-126-394
A213-126-397
A213-126-395
A213-126-396

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024**
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Maria Consuelo Lozano-Membreno, a native and citizen of El Salvador,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

petitions for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of an Immigration Judge's (IJ) order denying her application for asylum, withholding of removal, or relief under the Convention Against Torture (CAT).

We review the agency's factual findings for substantial evidence. *Haile v. Holder*, 658 F.3d 1122, 1125 (9th Cir. 2011). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. The record does not compel the conclusion that the Salvadoran government is unable or unwilling to protect Lozano-Membreno and her family. For instance, after a shooting incident was reported to authorities in 2017, the government reasonably responded to try to protect Lozano-Membreno's family. *Cf. Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010); *accord Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Salvadoran officials expeditiously responded to the report (arriving fifteen minutes after Castillo—Lozano-Membreno's partner—called), collected evidence, and accompanied Castillo to the prosecutor's office.

When later threatening, albeit non-criminal, activity was reported, Lozano-Membreno's own testimony reasonably suggests that the Salvadoran government took such threats seriously. This record evidence supports the conclusion that the Salvadoran government was willing to protect Lozano-Membreno and her family from persecution.

Additionally, the fact that gang members made comments to Lozano-Membreno's sister that they knew Castillo filed a police report raises the reasonable inference, supported by substantial evidence, that the gang members were "afraid they might get in trouble," which in turn supports the BIA's factual determination. This evidence reasonably suggests that the Salvadoran government is not powerless to protect Lozano-Membreno and her family from persecution. *See J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020).

Thus, Lozano-Membreno has not shown that the record compels the conclusion that the Salvadoran government would be unwilling or unable to protect her. So she is not entitled to asylum or withholding of removal. *See Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000) (asylum); *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (withholding of removal).

2. For the same reason, Lozano-Membreno has not demonstrated "sufficient state action involved" in any harm she may experience upon returning to El Salvador. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2010) (citation omitted). To the contrary, there is substantial record evidence that the Salvadoran government reasonably responded to and investigated Castillo and Lozano-Membreno's reports. Thus, her CAT claim fails.

**PETITION DENIED.**